UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PAULA J. KARAS, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   2:12-cv-00392-DBH |
| | ) |
| BARBER FOODS, | ) |
| | ) |
|     Defendant | ) |

**RECOMMENDED DECISION**

Paula J. Karas has filed yet another complaint alleging that she was harmed in some unspecified way by adulterated food.  Karas has a lengthy litigation history in this court and the District of Massachusetts, the District of Rhode Island, and the Southern District of Florida.  See Karas v. Hannafords Supermarket, 2:12-cv-00116-NT (discussing Karas's history of litigation and her repeated waste of judicial resources including a penchant for appealing orders that are not final or otherwise taking appeals not based on good faith);  see also Karas v. Massport Authorities, 1:11-cv-40146-FDS, 1:11-cv-40148-FDS, 1:11-cv-40160, 1:11-cv-40161-FDS, 1:11-cv-40186, 2011 WL 5330592 (noting that "[p]laintiff's repetitive filing of legally deficient complaints are a burden on the Court's time and resources" and advising plaintiff that a District Court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir.1993)).

In the present case the defendant was served with a copy of the complaint and has moved to dismiss the action based upon lack of subject matter jurisdiction and failure to state a claim.  Defendant asserts the amount in controversy does not reach the $75,000.00 threshold, the amount required to invoke diversity jurisdiction under 28 U.S.C. § 1332(a).  Karas has not responded to the motion to dismiss.

Because the party invoking federal jurisdiction bears the burden of demonstrating that the court has subject-matter jurisdiction over the case, <u>Valentin v. Hosp. Bella Vista</u>, 254 F.3d 358, 366 (1st Cir. 2001), it is Karas who must show that the amount in controversy exceeds $75,000. Unless challenged by the opposing party or the court, a plaintiff can make a general allegation that the dispute exceeds the jurisdictional minimum. <u>Dep't of Recreation and Sports v. World Boxing Ass'n</u>, 942 F.2d 84, 88 (1st Cir. 1991). "Once challenged, however, the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less the jurisdictional amount." <u>Id.</u>  The alleged amount in controversy must be more than an "imaginary number." <u>Abdel-Aleem v. OPK Biotech, LLC</u>, 665 F.3d 38, 42 (1st Cir. 2012).

I recommend that the court grant the defendant's motion to dismiss based upon lack of subject matter jurisdiction and I further recommend that the court issue the warning required by the <u>Cok</u> case and that any further pleading submitted by Karas to this court be subject to stringent filing restrictions.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

February 28, 2013                    /s/ Margaret J. Kravchuk
                                      U.S. Magistrate Judge